UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JHON ALBERTO PENA GUTIERREZ,             )<br>                              Petitioner,     )<br>                                                       )<br>-v-                                                    )<br>                                                       )<br>KEVIN RAYCRAFT, *et al.*,                  )<br>                              Respondents.  )<br>                                                       ) | No. 1:26-cv-301<br><br>Honorable Paul L. Maloney |

## ORDER

Petitioner Jhon Gutierrez, through counsel, filed a motion for a temporary restraining order (ECF No. 9). Petitioner makes a grave and concerning allegation, that government intends to violate a court order and deport him tonight prior to a bond hearing scheduled for tomorrow. Counsel, however, has not met the procedural requirements for the relief sought and the court must deny the request.

This action is one of thousands that have been filed in the federal district courts in recent months involving the arrest of an individual who entered this country illegally. Gutierrez entered the United States in September 2023. On October 1, 2023, agents with the Department of Homeland Security encountered Gutierrez, charged him with being in the United States without permission, and released him on his own recognizance. ICE Agents arrested Gutierrez on December 29, 2025.

On January 27, 2026, Gutierrez, through counsel, filed a petition under 28 U.S.C. § 2241 seeking a bond hearing. The court ordered the government to respond. In the response, the government established that it had scheduled a master hearing before the

Immigration Court for Gutierrez for February 19, 2026, at 8:30 a.m. (ECF No. 4-3 PageID.74). On February 19, 2026, the court conditionally granted the petition and afforded Petitioner limited relief (ECF No. 7). The court ordered Respondents to provide Petitioner a bond hearing within five business days of the court's order or, alternatively, release Petitioner from custody.

Rule 65(b) of the Federal Rules of Civil Procedure provides for and sets forth the requirements for a temporary restraining order. Subsection (b)(1)(A) requires the moving party to set forth "specific facts in an affidavit or a verified complaint clearly showing an immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Counsel did not file any affidavit or verified statement with the motion for emergency injunctive relief. In addition, the Local Rules require a separate motion and brief. W.D. Mich. LCivR 7.1(a). Counsel did not file a separate brief in support. In the motion, counsel does not explain how or when he learned that the government intends to deport Petitioner today. Nor does counsel indicate when the government scheduled the bond hearing.

Subsection (b)(1)(B) requires counsel for the moving party to certify in writing "any efforts made to give notice." Fed. R. Civ. P. 65(b)(1)(B). Counsel did file a certificate about notice to the government. Counsel states that he transmitted the documents to the U.S. Attorney's Office for the "District of Michigan" on February 19, 2026, at 9:20 p.m. (ECF No. 9 PagerID.104). The court infers that, on February 19, counsel knew the government intended to deport Petitioner on February 25, and yet, counsel waited until 2:27 p.m. on February 25 to file this motion.

Because Petitioner did not meet the procedural requirements for the requested emergency relief, the court **DENIES** the motion for a temporary restraining order (ECF No. 9).  **IT IS SO ORDERED.**

Date:    February 25, 2026                             /s/  Paul L. Maloney
                                                                                      Paul L. Maloney
                                                                                      United States District Judge